UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALICIA FLETCHER,

       Plaintiff,

                                                 Case No. 25-cv-1317

-v-

CHESHIRE HILLS GOLF COURSE, INC.

       Defendant.

_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiffs
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
joey@wrongfullydischarged.com
_____/

# Complaint and Demand for Jury Trial

NOW COMES the plaintiff, Alicia Fletcher, by and through her attorneys, The Niskar Law Firm, PLLC, and in support of her complaint against the defendant, hereby states as follows:

## A.  Statement of Jurisdiction

1.     The plaintiff is a resident of the County of Allegan, State of Michigan.

2.     The defendant, Cheshire Hills Golf Course, Inc. (hereafter "defendant") is a Michigan corporation, with its principal place of business located in the City of Allegan, County of Allegan, State of Michigan.

3.     Defendant maintains its principal place of business within, is located within, and regularly and routinely conducts business within the geographic region encompassing the

-1-

Western District of Michigan, Southern Division.

4. As defendant maintains its principal place of business within, is located within, and regularly and routinely conducts business within the geographic region encompassing the Western District of Michigan, Southern Division, this Honorable Court possesses personal jurisdiction over defendant, and venue is proper pursuant to 28 USC § 1391.

5. Plaintiff alleges violations of Title VII of the Civil Rights Act, 42 USC § 2000e, *et seq*. Therefore, this Honorable Court possesses original subject matter jurisdiction pursuant to 28 USC § 1331, 28 USC § 1343(a)(4) and 42 USC § 2000e-5(f)(3).

6. This Honorable Court possesses supplemental jurisdiction over plaintiff's state law claims pursuant to 28 USC § 1367.

## B.  Factual Allegations

Plaintiff incorporates all prior averments, as if fully set forth herein.

7. Defendant owns and operates a golf course in Allegan, Michigan, named Cheshire Hills Golf Course.

8. Plaintiff was originally hired by defendant in or around September of 2021 to work in its kitchen.

9. Plaintiff is a female.

10. In or around August of 2022, plaintiff began working for defendant in a position with its grounds crew, in addition to continuing to work for defendant in its kitchen.  The grounds position provided plaintiff with additional work hours and thus additional compensation above and beyond the compensation she was earning from her kitchen crew member job position.

11. Plaintiff's job in the kitchen involved working indoors, while the grounds position involved working outdoors.

12. As of August 29, 2023, plaintiff held the qualifications necessary to hold the grounds crew job position.

13. On or about August 29, 2023, defendant's grounds manager, Herbert "Alan" Johnson, sent plaintiff a text message stating:

> "Hey, you know I've thought about it all day and I have I have [*sic*] to say I'm sorry but it's best if you don't come to work outside and I know that creates problems for you but you're gonna have to get another job. I am done with women outdoors. I'm sorry but that's the way it is."

14. Defendant's manager, Alan Johnson, terminated plaintiff from her grounds position because of sex and/or gender.

15. After Mr. Johnson terminated plaintiff from the grounds crew position, defendant hired multiple males to work on the grounds crew.

### C.  Count I – Sex Discrimination in Violation of Title VII of the Civil Rights Act, 42 USC § 2000e, *et seq*. Single-Motive, or Alternatively, Mixed-Motive Discrimination

Plaintiff incorporates all prior averments, as if fully set forth herein.

16. Plaintiff was an "employee" of defendant within the meaning of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, *et seq*., (herein referred to as "Title VII").

17. Defendant was an "employer" of plaintiff within the meaning of Title VII.

18. Defendant terminated plaintiff from her grounds crew position in whole, or alternatively in part, because of and/or on the basis of sex and/or gender in violation of Title VII.

19. Defendant thus discriminated against plaintiff because of sex and/or gender in violation of Title VII.

20. Defendant's violation(s) of Title VII was/were done with malice and/or reckless indifference to plaintiff's rights, thereby subjecting defendant to punitive damages, in addition to all other damages available at law.

21. As a direct and proximate result of defendant's violations of Title VII plaintiff has incurred all damages available at law, both past, present and into the future, specifically including all damages provided for in 42 USC § 2000e-5 and 42 USC § 1981a, including but not limited to damages for emotional distress and/or mental anguish, lost wages, lost overtime wages, the value of any lost employment benefits, loss of other compensation denied and lost, consequential damages, any incurred medical expenses, interest, costs of litigation, and attorney fees.  Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be incurred in the future (including front-pay).

22. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling defendant to reinstate plaintiff to her former positions, compelling defendant to retroactively restore plaintiff's seniority rights and/or opportunities for promotion, declaring that defendant violated Title VII in the aforementioned ways, enjoining defendant from further violations of Title VII against plaintiff and others, enjoining defendant from taking any adverse employment action against plaintiff in retaliation for exercising her rights under Title VII, and enjoining defendant from taking any adverse employment action against plaintiff except upon a showing of just and good cause by clear and convincing evidence.  Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including damages for emotional distress and/or mental anguish, back-pay, the value of lost benefits, consequential damages, the costs of any medical care, attorney fees, costs, interest, etc.

## D.  Count II – Sex Discrimination in Violation of the Elliott-Larsen Civil Rights Act, MCL § 37.2101, *et seq.* – Single-Motive, or Alternatively Mixed-Motive Discrimination

Plaintiff incorporates all prior averments, as if fully set forth herein.

23. Plaintiff was an "employee" of defendant within the meaning and contemplation of the Michigan Elliott-Larsen Civil Rights Act, MCL § 37.2101, *et seq*. (herein referred to as the "ELCRA").

24. Defendant was an employer of plaintiff within the meaning and contemplation of the ELCRA.

25. Defendant terminated plaintiff in whole, or alternatively in part, because of and/or on the basis of sex and/or gender in violation of the ELCRA.

26. Defendant thus discriminated against plaintiff because of sex and/or gender in violation of the ELCRA.

27. Defendant's violation(s) of the ELCRA was/were done with malice and/or reckless indifference to the plaintiff's rights, thereby subjecting defendant to exemplary damages, in addition to all other damages available at law.

28. As a direct and proximate result of defendant's violations of the ELCRA plaintiff has incurred all damages available at law, both past, present and into the future, specifically including all damages provided for in MCL § 37.2801 and MCL § 37.2802, including but not limited to damages for emotional distress and/or mental anguish, lost wages, lost overtime wages, the value of any lost employment benefits, loss of other compensation denied and lost, consequential damages, any incurred medical expenses, interest, costs of litigation, and attorney fees.  Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be incurred in the future (including front-pay).

29. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling defendant to reinstate plaintiff to her former positions, compelling defendant to retroactively restore plaintiff's seniority rights and/or opportunities for promotion, declaring that defendant violated the ELCRA in the aforementioned ways, enjoining defendant from further violations of the ELCRA against plaintiff and others, enjoining defendant from taking any adverse employment action against plaintiff in retaliation for exercising her rights under the ELCRA, and enjoining defendant from taking any adverse employment action against plaintiff except upon a showing of just and good cause by clear and convincing evidence. Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including damages for emotional distress and/or mental anguish, back-pay, the value of lost benefits, consequential damages, the costs of any medical care, attorney fees, costs, interest, etc.

### E.  Compliance with Statutory Procedural Requirements

Plaintiff incorporates all prior averments, as if fully set forth herein.

30. Plaintiff timely filed a charge of discrimination with the appropriate administrative agency (i.e., the Equal Employment Opportunity Commission), was issued a notice of right to sue by the EEOC, and timely filed this action within the appropriate time period(s) under both Federal and State law.

WHEREFORE plaintiff respectfully requests this Honorable Court to enter judgment in her favor, and against the defendant, for all compensatory damages (past and future economic and non-economic damages), punitive damages, and exemplary damages available under the law, as well as all litigation costs, interest, and attorney fees incurred in having to investigate, pursue,

litigate and prosecute this claim pursuant to Title VII and the ELCRA.

                                        Respectfully submitted,

                                        THE NISKAR LAW FIRM, PLLC

                                        By: /s/ Joey S. Niskar
                                        JOEY S. NISKAR (P55480)
                                        The Niskar Law Firm, PLLC
                                        Attorney for Plaintiff
                                        P.O. Box 252917
                                        West Bloomfield, MI 48325
                                        (248) 702-6262
Dated:  October 28, 2025                joey@wrongfullydischarged.com

UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALICIA FLETCHER,

       Plaintiff,

                                      Case No. 25-cv-1317

-v-

CHESHIRE HILLS GOLF COURSE, INC.

       Defendant.
_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiffs
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
joey@wrongfullydischarged.com
_____/

## Demand for Jury Trial

The plaintiff, Alicia Fletcher, by and through her attorneys, The Niskar Law Firm, PLLC, hereby demands a trial by jury on all claims and defenses raised in the instant action.

                                                  Respectfully submitted,

                                                  THE NISKAR LAW FIRM, PLLC

                                                  By: /s/ Joey S. Niskar
                                                  JOEY S. NISKAR (P55480)
                                                  The Niskar Law Firm, PLLC
                                                  Attorney for Plaintiff
                                                  P.O. Box 252917
                                                  West Bloomfield, MI 48325
                                                  (248) 702-6262
Dated:  October 28, 2025                     joey@wrongfullydischarged.com